# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>vs.<br>JOSE ANGEL PARFILIO,<br><br>                Defendant. | CASE NO. 18CR3307WQH<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the motion to dismiss the information under § 1326(d) filed by the Defendant Jose Angel Parifilio. (ECF No. 22).

## FACTUAL BACKGROUND

    On July 19, 2017, Defendant was served with a Notice To Appear (NTA) in immigration court for removal proceedings. The NTA indicated the appearance "time and date to be set." (ECF No. 22-2 at 2). On September 13, 2017, following a removal hearing, Defendant was ordered removed. Defendant waived appeal and was removed.

    On July 24, 2018, an Information was filed charging Defendant with attempted reentry of a removed alien in violation of 8 U.S.C. § 1326 (a) and (b).

    On December 17, 2018, Defendant filed a motion to dismiss the information on the grounds that his prior removal order is invalid. Plaintiff United States filed an opposition to the motion to dismiss.

# APPLICABLE STANDARD

A predicate removal order is a necessary element of a § 1326 prosecution. Under 8 U.S.C. § 1326(d), an alien criminal defendant may not challenge the validity of a removal order "unless the alien demonstrates that – (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The entry of a removal order is fundamentally unfair for the purposes of § 1326(d)(3) only if the removal proceeding violated the alien's due process rights and the alien suffered prejudice as a result. *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010).

# ANALYSIS

Defendant contends that the immigration judge did not have jurisdiction to conduct the removal proceeding because the NTAs served upon him contained no information regarding the date, and time of his immigration hearing. Defendant contends that jurisdiction does not vest and removal proceedings do not commence where the notice to appear under §1229(a) fails to designate the specific time or place of the removal proceedings. Defendant asserts that the recent Supreme Court case, *Pereira v. Sessions*, 136 S.Ct. 2105 (2018), held that an NTA missing the time and date does not comply with the requirements of §1229(a)(1) and cannot serve to vest jurisdiction in the immigration court to enter a valid order of removal. Defendant asserts that his removal without jurisdiction establish prejudice.

Plaintiff United States contends that Defendant's prior removal is valid. Plaintiff United States asserts that the immigration judge was expressly conferred with the authority to conduct the removal proceedings. Plaintiff United States asserts that the time and place on the NTA is not a prerequisite to the vesting of jurisdiction to conduct removal proceedings. Plaintiff United States asserts that Defendant waived any challenge to the NTA by appearing at the immigration hearings in 1998 and 2018 without objection. Plaintiff United States contends that the vesting of jurisdiction is

addressed in 8 C.F.R. § 1003.15 and provides no requirement to include the time and place on the NTA. Plaintiff United States contends that the *Pereira* decision is limited to the application of the stop time rule in § 1229b(d)(1).

In *Pereira v. Sessions*, 138 S.Ct. 2105 (2018), the United States Supreme Court addressed the "narrow question" whether "a document that is labeled 'notice to appear,' but . . . fails to specify either the time or place of the removal proceedings . . . trigger[s] the stop-time rule." *Id*. at 2110. The Court stated, "The answer is as obvious as it seems: No. A notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule." *Id.*

The Supreme Court concluded:

> The statutory text alone is enough to resolve this case. Under the stop-time rule, "any period of . . . continuous physical presence" is "deemed to end . . . when the alien is served a notice to appear under section 1229(a)." 8 U.S.C. § 1229b(d)(1). By expressly referencing § 1229(a), the statute specifies where to look to find out what "notice to appear" means. Section 1229(a), in turn, clarifies that the type of notice "referred to as a 'notice to appear' " throughout the statutory section is a "written notice . . . specifying," as relevant here, "[t]he time and place at which the [removal] proceedings will be held." § 1229(a)(1)(G)(i). Thus, based on the plain text of the statute, it is clear that to trigger the stop-time rule, the Government must serve a notice to appear that, at the very least, "specif[ies]" the "time and place" of the removal proceedings.

*Id.* at 2114. The Supreme Court stated that "when the term "notice to appear" is used elsewhere in the statutory section, including as the trigger for the stop-time rule, it carries with it the substantive time-and-place criteria required by § 1229(a). . . . Failing to specify integral information like the time and place of removal proceedings unquestionably would deprive [the notice to appear] of its essential character." *Id.* at 2116-18 (internal quotations omitted).

8 U.S.C. §1229a(a)(1) provides that "[a]n immigration judge shall conduct proceedings for deciding the inadmissibility or deportability." 8 U.S.C. §1229a(a)(1). Section 1229(a) provides in part, " In removal proceedings under section 1229a of this title, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practible, through service by mail to the

alien or to the alien's counsel of record, if any) specifying . . . [t]he time and place at which the [removal] proceedings will be held." Section 1229(a)(1)(G)(i). The statutory text of §1229(a) explicitly addresses the notice requirements to "the alien" – "written notice"; "in person" or "by mail"; and specifying integral information. However, the statutory language in §1229(a) does not address the vesting of jurisdiction in the immigration court.

8 U.S.C. § 1103(g)(2) expressly provides the authority conferred upon the Attorney General to "establish such regulations . . . as the Attorney General determines to be necessary for carrying out" the immigration laws. 8 U.S.C. § 1103(g)(2). Pursuant to this delegation of authority, the Attorney General has promulgated regulations setting forth the requirements to commence proceedings in immigration court.

"Once a notice to appear is filed with the Immigration Court . . . jurisdiction over the individual's immigration case vests with the IJ, and it is the IJ's duty to adjudicate the case." *Gonzales-Caraveo v. Sessions*, 882 F.3d 885, 890 (9th Cir. 2018). 8 C.F.R. § 1003.14(a) provides that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.15 explicitly address the requirements to vest jurisdiction before the Immigration Court and does not require that the Order to Show Cause and the Notice to Appear include time and place in order to vest jurisdiction in the immigration court. These provisions do not conflict with the notice requirements to the alien in §1229(a). The narrow issue of triggering of the stop-time rule under 8 U.S.C. § 1229b(d)(1) decided in *Pereria* does not effect the vesting of jurisdiction in the immigration court or invalidate the regulations establishing the commencement of immigration proceedings. *See Karingithi v. Whitaker*, No. 16-70885, 2019 WL 333335 (9th Cir. Jan. 28, 2019).

In this case, the Court finds that the procedural defect in the NTA under §1229(a) given to the Defendant was waived by the failure to raise an objection at the removal proceeding and cured by his appearance and participation in his removal proceeding.

Defendant has not raised any further factual or legal challenges to the validity of his removal proceeding. The Court concludes that the removal order is valid.

IT IS HEREBY ORDERED that the motion to dismiss the information due to an invalid deportation (ECF No. 22) is denied.

DATED: February 4, 2019

**WILLIAM Q. HAYES**
United States District Judge